## WM. M. McATEE v. JOHN S. HAGAN.

**Terms of Court Changed by Law — Default Judgment — Clerical Misprision.**

> The regular term of the Marion Circuit Court commenced on the fourth Monday in February, 1866, and the appellant was served with process on the third day of said month. By an act of the Legislature the term was changed to begin on the third Monday instead of the fourth.
>
> The court began in conformity to said act and, the appellant having failed to make defense, judgment was rendered against him for the amount of the claim.
>
> The act *supra* was not intended to deprive parties of any pre-existing rights, and the appellant not having been summoned twenty days before the third Monday in February, the judgment was rendered before the cause stood for trial, and was, therefore, according to section 578 of the Civil Code, a clerical misprision.

MARION CIRCUIT COURT.

January 9, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This is an action in equity instituted in the Marion Circuit Court by appellee against appellant to enforce a lien on a tract of land, for the unpaid purchase price. When the action was brought, the regular terms of said court were fixed by law, to commence on the fourth Mondays in February and August in each year. And the summons was executed on appellant on the 3rd day of February, 1866.

By an act of the Legislature approved the 10th February, 1866, the terms of said court were changed to commence on the *third* Mondays in February and August, of each year, this last act to take effect from its passage. Myres Suppl. Stat., page 700.

The February term, 1866, of said court, commenced on the third Monday in said month, in conformity to the *act* last named, and appellant having failed to answer, or make any defense to the

action on the 27th of February, 1866, judgment was rendered against him for the amount claimed in the petition, and for an enforcement of the lien.

At the June term, 1866, of said court, held for the trial of equity and criminal causes, appellant on notice moved said court to set aside and vacate said judgment against him and all proceedings under and by virtue of the same, on the ground that said judgment was rendered before the action stood regularly for trial. His motion was overruled, and he has appealed to this court.

*By section 578, Civil Code,* rendering judgment in an action before the same stood for trial, is defined to be a clerical misprision. And subsection 1, of section 137, Civil Code, provides that in actions prosecuted by equitable proceedings, the defense must be filed on the third day of the term, where the summons has been served twenty days before the commencement of the term in the county in which the action is brought, or in an adjoining county.

The February term, 1866, of the Marion Circuit Court commenced in less than twenty days after the summons was served in this case, consequently appellant was not bound to file his answer at that term, and the cause was prematurely heard, unless the *third section* of the act, changing the time of holding said court, superseded *section 137, Civil Code, supra,* which *third section* is as follows:

> "That all suits, prosecutions, motions and process in said Circuit Courts of Mercer, Marion and Anderson counties, shall be returned to, and be heard and determined at the times fixed in this *act,* for the ensuing spring terms, as fully as they would have been heard and determined at the spring term of said courts, as heretofore fixed by law."

This *section,* as we understand it, was not intended by the Legislature to deprive parties of any of their pre-existing legal rights, but merely to confer power and jurisdiction on said courts to hear and determine suits in said courts, under the same rules and regulations that were prescribed for other courts, and by the laws then in existence, in precisely the same way that they would have been heard and determined, if the terms of said courts had been fixed originally to be commenced and held as prescribed in the Act of the 10th of February, 1866, *supra.*

According to this interpretation of this act, which we think is

the rational and proper one, the cause was prematurely heard by the court below. And appellant's motion should have been sustained.

Wherefore, the judgment is reversed, and the cause remanded, with directions to set aside the judgment of the 27th of February, 1866, and for further proceedings consistent with this opinion.

*Hill & Knott, for appellant.*

*Roundtree & Fogle, for appellee.*